GEORGE W. GERRISH *vs.* ABIGAIL W. SMYTH.

If a sale of land has been made, under a power of sale contained in a mortgage, for less than the amount of the mortgage debt, and the mortgagee, after receiving the full amount of the balance due from the mortgagor executes to him a bond with condition to indemnify and save him harmless from all damage, loss or prejudice arising from the debt and mortgage, and from the sale of the land, and all expenses and damage that may arise in consequence of said sale, the condition of the bond is not broken so long as the mortgagor is not disturbed in his possession of the land, or in any way molested or put to expense.

CONTRACT upon a bond executed by the defendant to the plaintiff on the 17th of June 1856, the condition of which was as follows:

" The condition of this obligation is such that, whereas said George W. Gerrish did on the first day of July A. D. 1852 make a certain promissory note for the sum of fourteen hundred dollars, payable to the order of the said Abigail W. Smyth in three years after date with interest semi-annually, which note was secured by a power of sale mortgage from said Gerrish to said Smyth on land and house in Mathews Street in said Chelsea, and whereas said land and house were sold to John W. Emerson of Boston in said county, Esquire, for the sum of five hundred dollars, and whereas a suit was afterwards brought in the name of said Smyth against said Gerrish, and is pending at the present term of the superior court of the county of Suffolk, to ecover a balance alleged to be due on said note and mortgage

from said Gerrish to said Smyth, which balance and the full amount of which note said Smyth hereby declares to have been fully paid; now if the above bounden Abigail W. Smyth shall indemnify and save harmless the said George W. Gerrish from all damage, loss or prejudice arising from said note and mortgage, and from the sale of said land and house to the said John W. Emerson, and all expenses which may hereafter arise therefrom, and save the said Gerrish harmless from any damage that may hereafter arise in consequence of said sale as aforesaid, then this obligation shall be null and void; otherwise of full force, virtue and effect."

At the trial in the superior court, before *Morton,* J., the bond was put in evidence, and also the mortgage therein referred to, and a discharge thereof by the defendant on the 17th of June 1856, and the deed by the defendant as mortgagee to Emerson, in December 1855. The plaintiff also introduced evidence of demands made by him upon the defendant for a conveyance to him of the estate, and for the money paid by him to her in satisfaction of the mortgage.

Upon these facts the judge directed a verdict for the defendant, which was returned accordingly; and the plaintiff alleged exceptions.

*J. F. Pickering,* for the plaintiff.

*H. W. Paine & D. C. Linscott,* for the defendant.

HOAR, J. It is difficult to give any sensible construction to the bond declared on. It recites a debt due from the plaintiff to the defendant, secured by a power of sale mortgage; a payment of part of the debt by the proceeds of the sale of the mortgaged premises; payment of the balance due, and of the whole debt; and then the condition of the bond is that the defendant shall " indemnify and save harmless the plaintiff from all damage, loss or prejudice arising from said note and mortgage and from the sale of the mortgaged estate, and all expenses which may hereafter arise therefrom, and save the plaintiff harmless from any damage that may hereafter arise in consequence of said sale." In what way the mortgage or sale could prejudice the plaintiff does not appear. The previous payment of his lawful debt

would not seem to be of itself a legal damage or loss. Perhaps the most sensible construction would be that if the estate was sold for less than its real value, or if the plaintiff could not acquire a good title without paying more than it produced toward payment of his debt, he should recover the difference; but of this we give no opinion. There was no proof at the trial which would raise the question.

As it was not shown that the plaintiff's possession of the land was disturbed, or that he had been in any way molested by reason of the note and mortgage since the execution of the bond, or that he had been put to any expense, as the mortgage debt was paid, and the claim of the defendant under it discharged on the record, we can see no breach of the condition.

*Exceptions overruled.*